Habeas corpus by W. M. Andrus. From an order denying the writ, petitioner appeals. Affirmed, and relator remanded.

Lane, Wolters & Storey and Brockman, Kahn & Williams, all of Houston, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Applicant was indicted by the grand jury of Ft. Bend county, charged with murder. The venue of the case was changed to Harris county, when applicant applied to the district judge of Ft. Bend county for a writ of habeas corpus, wherein he prayed that he be granted bail. Hon. Wells Thompson, judge of the district court of Ft. Bend county, declined to grant the writ. It being made to appear that the judge-elect of that court was disqualified, having been of counsel for the state in this case, application was made to Hon. Frank S. Roberts, judge of the district court of Fayette county, who granted the writ as prayed for and made it returnable to Fayette county.

[1] When the cause came on for trial, the state, by her district attorney, filed a plea to the jurisdiction of the district court of Fayette county to hear and determine the matter, and this plea must be sustained. In Ex parte Overcash, 61 Tex. Cr. R. 68, 134 S. W. 700, this question is discussed, and the statute and decisions of this court are quoted.

[2] However, relator filed an application in this court, asking that, in the event we should hold that the district court of Fayette county had no jurisdiction in the premises, inasmuch as the district judge of Ft. Bend county is disqualified, this court grant the writ and hear and determine same. Under our Constitution and laws, relator is entitled to have the writ granted and a hearing had; and as the district judge of Ft. Bend county is disqualified, we have concluded to do so.

It further appearing from the record that counsel for relator and the state have waived the issuance of the writ, and agreed that the case might be heard on the agreed statement of facts now on file, we have carefully read same, and are of the opinion, under the evidence before us, the relator is not entitled to bail, and he is remanded to the custody of the sheriff of Harris county.

---

JONES v. STATE.

(Court of Criminal Appeals of Texas. Jan. 29, 1913.)

HIGHWAYS (§ 164*)—OBSTRUCTION—EVIDENCE —SUFFICIENCY.

A conviction of obstructing a public road cannot be sustained, where it appears that the obstruction was placed, not in a public road, as created by the commissioners' court, but on a passageway adjoining the road, owned by ac- cused and not shown to have been dedicated to public use.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 447–455; Dec. Dig. § 164.*]

Appeal from Morris County Court; C. M. Henderson, Judge.

Jack Jones was convicted of obstructing a public road, and he appeals. Reversed and remanded.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of obstructing a public road.

As the place where the obstruction is shown to have been placed is conclusively shown by the evidence not to have been in the public road as created by the commissioners' court, but on a passageway adjoining the road, owned by appellant, and it not being shown that the passageway had been dedicated to public use, the evidence will not sustain a conviction.

Reversed and remanded.